COLLOTON, Circuit Judge,
concurring in the judgment.
The district court’s order denying a preliminary injunction should be vacated, and the ease remanded for further proceedings, but not for the reasons given by the panel majority. There is an Article III case or controversy between Annex Medical, Inc. and the United States over the government’s mandate that any group health insurance plan issued to Annex Medical must include coverage to which Annex Medical and its owner, Stuart Lind, object on religious grounds. The Affordable Care Act authorized the Department of Health and Human Services to promulgate regulations governing group health plans, and HHS issued regulations that include the disputed mandate. See 26 U.S.C. § 4980D; 42 U.S.C. § 300gg-13(a)(4); 45 C.F.R. § 147.130.
The district court denied Annex Medical’s motion for a preliminary injunction against the HHS mandate, concluding that “the Mandate places only a de minimis, not substantial, burden on plaintiffs’ practice of religion” under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb et seq. The district court reasoned that the government’s requiring indirect financial support of a practice that violates the business owner’s religious principles does not constitute a “substantial burden” on the exercise of religion. In Burwell v. Hobby Lobby Stores, Inc., — U.S.-, 134 S.Ct. 2751, 189 L.Ed.2d 675 (2014), however, the Supreme Court concluded that where business owners and their companies “sincerely believe that providing the insurance coverage demanded by the HHS regulations lies on the forbidden side of the line,” it is not for the courts “to say that their religious beliefs are mistaken or insubstantial.” Id. at 2779. The Court also observed that the business owners and for-profit companies in that case — like Lind and Annex Medical — had “religious reasons for providing health-insurance coverage for their employees,” and that foregoing insurance coverage likely would place the companies at *584 “a competitive disadvantage in retaining and attracting skilled workers.” Id. at 2776-77. Accordingly, I would vacate the district court’s order and remand the case for further consideration in light of Hobby Lobby.
' The majority, on its own initiative, decides instead that there is an Article III “standing problem” that must be addressed by the district court, because the record includes “no indication any Minnesota health insurer is willing, but for the mandate, to sell a plan allowing a small employer such as Annex to prohibit coverage for a handful of healthcare products and services.” The “problem” is illusory; the record at this stage of the litigation establishes that Annex Medical has standing to challenge the HHS mandate. The government agreed in the district court that Annex Medical has standing. The district court accepted the position of the parties and exercised jurisdiction over the case. Annex Medical, Inc. v. Sebelius, No. 12-2084, 2013 WL 101927 (D.Minn. Jan. 8, 2013). A three-judge panel of this court exercised jurisdiction over this appeal and entered a preliminary injunction pending appeal. Annex Medical, Inc. v. Sebelius, No. 13-1118, 2013 WL 1276025 (8th Cir. Feb. 1, 2013). There is no good cause at this point to second-guess the existence of a case or controversy.
Annex Medical is injured because the HHS mandate excludes it from participating in the market for group health insurance. The company wants to propose a transaction and develop a business relationship with an insurer, but the issuers are forbidden by federal law to consider Annex Medical’s proposal. A declaration that the mandate is contrary to RFRA and an injunction against its enforcement would redress that injury. See Clinton v. City of New York, 524 U.S. 417, 432-33 & n. 22, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998); Lepelletier v. FDIC, 164 F.3d 37, 42 (D.C.Cir.1999).
Annex Medical also is injured because it is unable to purchase a health insurance plan for its employees without the coverage to which it objects on religious grounds. A plaintiffs burden to establish standing depends on the stage of litigation. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). This case is at the pleading stage; the government has not even filed an answer. “At the pleading stage, general factual allegations of injury resulting from the defendant’s conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.” Id. (internal quotation omitted).
Annex Medical alleged in its complaint that none of the several health insurance issuers whom it approached “was able to offer [the desired] group plan because no such plan can exist as a result of the Mandate.” R. Doc. 1, ¶ 88 (emphasis added). According to the complaint, “[t]he Mandate strips Annex Medical of any choice to select an insurance plan that does not cover and finance contraception, sterilization, and abortifacient drags and related education and counseling.” Id. ¶ 89 (emphasis added). The complaint alleged that “[aJs a result of the Mandate, Annex Medical cannot currently offer a group health plan to its employees that accords with and does not violate Plaintiffs’ sincerely-held religious beliefs.” Id. ¶ 90 (emphasis added).
These general allegations embrace the specific facts necessary to support the claim — that is, that the desired plan would exist without the mandate, and that Annex Medical would have a choice to select the desired insurance plan from an issuer if the government did not forbid the transaction. If, as alleged, the unavailability of a *585 group health plan without the objected-to coverage is “a result of the Mandate,” then it follows in ordinary usage that the HHS mandate is a but-for cause of the desired plan’s unavailability. See Burrage v. United States, — U.S. -, 134 S.Ct. 881, 887-88, 187 L.Ed.2d 715 (2014). The government recognized as much in the district court, saying “we are not challenging plaintiffs’ standing to bring the case,” because “insurance companies are flexible,” and “it seems very possible that they could find some way to get a plan in place” if the HHS regulations were enjoined. R. Doc. 56, at 25-26. Annex Medical thus alleged sufficiently that the mandate is the cause of its inability to obtain the desired group health insurance, and that declaratory relief and a permanent injunction of the HHS mandate would redress the company’s injury.
If more is needed, it should be evident that a market to serve Annex Medical is likely to develop if the requested relief is granted. It is unsurprising that insurers were not prepared to write policies for Annex Medical and submit them to state regulators for approval based on a temporary injunction pending appeal of indefinite duration while the law was unsettled. But the complaint seeks permanent in-junctive and declaratory relief that the government cannot forbid the issuance of the group plan that Annex Medical wants to purchase. Health insurance plans without the objected-to coverage already exist for religious employers and nonprofit religious organizations that were exempted under pre-Hobby Lobby regulations. See 45 C.F.R. § 147.131. The Department of Health and Human Services says the accommodation sought by Annex Medical is cost-neutral for insurers. See Hobby Lobby, 134 S.Ct. at 2782 n. 38. And the Department, in light of Hobby Lobby, has proposed rules to offer the requested accommodation to closely held for-profit entities that have religious objections to providing coverage for some or all contraceptive services. See Coverage of Certain Preventive Services Under the Affordable Care Act, 79 Fed.Reg. 51,118 (proposed Aug. 27, 2014).
Annex Medical is not required to deliver to the district court a proposed insurance plan from a third-party carrier to establish standing. A plaintiff need demonstrate only that its injury is “likely to be redressed by a favorable judicial decision.” Lexmark Int’l, Inc. v. Static Control Components, Inc., — U.S. -, 134 S.Ct. 1377, 1386, 188 L.Ed.2d 392 (2014). At the pleading stage, the court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff’s favor. Turkish Coalition of Am., Inc. v. Bruininks, 678 F.3d 617, 621 (8th Cir. 2012). Annex Medical alleged that its inability to procure the desired group health insurance plan is “a result of’ the HHS mandate, and that the mandate “strips Annex Medical of any choice” to select its preferred plan. The majority’s speculation that every insurance company — despite the cost-neutrality of the requested accommodation — might refuse to issue a policy to Annex Medical for “political, moral, religious, administrative, or purely profit-driven reasons” is contrary to the allegations in the complaint and cannot defeat Annex Medical’s standing to challenge the HHS mandate.
Like the government, I conclude that there is an Article III case or controversy. The district court’s order denying a preliminary injunction should be vacated in light of Hobby Lobby.